# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-201 |
| | ) | CV419-254 |
| JOHN YOUNG, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

John Young, Jr. pled guilty to a single count of possession of a firearm by a convicted felon. *See* doc. 1[1] (Indictment); doc. 29 (Change of Plea). He was sentenced to 110 months of imprisonment on March 29, 2018. Doc. 34 (Judgment). He did not appeal. He now seeks to vacate the judgment on several grounds. His motion, pursuant to 28 U.S.C. § 2255, was signature filed[2] on September 30, 2019. Since his motion is untimely, it should be denied.

---

[1] The Court is citing to the criminal docket in CR417-201 unless otherwise noted.

[2] Under the "prison mailbox rule," the Court presumes that Young's motion was delivered for mailing on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [a § 2255] motion was delivered to prison authorities on the day he signed it . . . ."). In this context, the signature date provides the earliest possible date Young could assert for filing his motion. Since, even assuming that earliest date, his motion is untimely by several months, any further litigation on the exact date of mailing would be futile.

The Court entered judgment against Young on March 29, 2018, doc. 34, and he had one year from the date his conviction became final to seek § 2255 relief.  28 U.S.C. § 2255(f).  He had until April 12, 2018, to file his notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment).  Since he filed no appeal, Hill's conviction became final and § 2255(f)'s one-year clock began to tick on April 12, 2018.[3]  *See Adams v. United States,* 173 F.3d 1339, 1343 n. 2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal; to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired.").  He did not file the present § 2255 motion, however, until September 30, 2019, which is more

---

[3]  As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

than five months (171 days) too late. Doc. 37 at 12 (certifying that "this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 9/30/19."). Young offers no explanation for the delay; he simply asserts that his motion is timely.[4] *See* doc. 37 at 10-11. Hence, his motion is time-barred unless he can show an exception, like a new rule of law retroactively available to him.[5] *See* 28 U.S.C. § 2255(f). Nothing in his motion asserts, or even suggests, such an extraordinary circumstance.

---

[4] "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)).

[5] The Court might permit Young to amend his motion and identify circumstances entitling him to equitable tolling. His motion fails on the merits, however. The stated grounds for relief include his counsel's ineffective assistance in pre-plea motions practice, and alleged defects in the indictment. Doc. 37 at 4-5. Young's knowing and voluntary guilty plea waives those claims. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). To the extent he challenges the facial sufficiency of the indictment, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). That is, such defects are not jurisdictional. *See, e.g., Mayberry v. United States*, 156 F. App'x 265, 266 (11th Cir. 2005) ("An indictment suffers from a jurisdictional defect when it charges no crime at all."). *Compare Jones v. United States*, 2012 WL 13080638, at * (S.D.N.Y. April 25, 2012) (rejecting the argument that indictment under 18 U.S.C. § 922(g)(1) must include a charge for violating 18 U.S.C. § 924(a)(2), where the indictment explicitly alleged knowing possession of a firearm), *with* doc. 1 at 1 (alleging that Young "did unlawfully and *knowingly* possess, in and affecting commerce, a firearm" (emphasis added)). Accordingly, all of Young's challenges arising from allegations of pre-plea infirmity are meritless. *See* doc. 37 at 4 (Ground One, claims (1), (2), (4), and (5)), 5 (Ground Two, claims (1)-(3))

Young also contends counsel was ineffective for filing to file a requested appeal. *See*

Accordingly, Young's § 2255 motion should be **DENIED**. Doc. 37. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy

---

doc. 37 at 4.  That contention is belied by the record.  Young completed a "post-conviction consultation certification" reflecting that he "decided not to file an appeal," after consulting with his appointed counsel about the consequences of that decision. Doc. 35 at 2.  "Because the notice of post-conviction consultation certification affirmatively contradicts [movant's] self-serving contention he instructed trial counsel to file a notice of appeal, he is not entitled to a hearing on this claim." *Greene v. United States*, 2018 WL 374752, at * 1 (S.D. Ga. Aug. 7, 2018) (Hall, C.J.) (citations omitted). Accordingly, his claim that counsel was ineffective for failing to file a requested notice of appeal is also without merit.  Doc. 37 at 4 (Ground One, claim (3)).

Given that all the grounds asserted in Young's petition are meritless, regardless of whether he timely asserted them, any amendment asserting grounds for equitably tolling the statute of limitations would be futile.

4

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 4th day of October, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia